IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE CHARLES FORD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-699 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 21st day of June, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments as to why substantial evidence does not support the Administrative Law Judge's ("ALJ") determination. Specifically, Plaintiff argues that the ALJ committed reversible error when she failed to adequately evaluate and articulate the persuasiveness of Dr. Jeffrey Warner, D.C.'s, opinion. (Doc. No. 14 at 10-18). Further, Plaintiff contends that the ALJ did not properly analyze the opinion of Dr. Gina Graham, Ph.D. (*Id.* at 18-25). Plaintiff also argues the ALJ failed to properly consider whether or not her mental impairments were severe. (*Id.* at 23-24). As a result, Plaintiff posits that her residual functional capacity ("RFC") determination is flawed and that the RFC hypothetical posed to the vocational expert ("VE") was insufficient. (*Id.* at 23-25). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

The Court finds the ALJ's analysis of Dr. Warner's opinion is supported by substantial evidence. Plaintiff contends the ALJ provided only a cursory analysis of the consistency and supportability of this opinion and that the ALJ overlooked evidence within the record that was supportive of Dr. Warner's opinion, including his detailed treatment notes. (*Id.* at 10-18). The Court first notes that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg.5844-01, 2017 WL 168819, at 5853 (Jan. 18, 2017). *See also* 20 C.F.R. §§ 404.1520c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ did not overlook evidence in the record and properly concluded that Dr. Warner's opinion was inconsistent and not supported by the record. (R. 24). Dr. Warner, Plaintiff's chiropractor, opined that Plaintiff had several disabling limitations, including that he would be off task 15% of the time, would be able to maintain attention for only two hours, and would be absent from work four days per month on average. (Ex. 8F/1). The ALJ found that Dr. Warner's opinion was inconsistent with the record and not supported by other evidence, stating,

> [Dr. Warner] provid[ed] no evidence supportive of opinions stated in his Medical Opinion statement and [the ALJ found] no evidence in the record as a whole consistent with a need for the claimant to be off task 15% of the time, absent from work four days per month on average and able to stand and/or walk only one hour per day.

(R. 24). This was an adequate analysis of Dr. Warner's opinion, as the ALJ specifically analyzed the consistency and supportability factors and applied them in accordance with the regulations. Accordingly, the ALJ's analysis of Dr. Warner's opinion is supported by substantial evidence.

Indeed, the Court finds the ALJ's analysis of Dr. Warner's opinion in general provided an adequate persuasiveness determination. As explained above, the ALJ considers the consistency and supportability of a medical opinion, and these "are the most important factors [the ALJ] consider[s] when [she] determine[s] how persuasive [she] find[s] a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). The regulations also require the ALJ to "articulate in [the ALJ's] determination or decision how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. 404.1520c(b). Here, as stated above, the ALJ adequately analyzed the supportability and consistency factors in relation to Dr. Warner's opinion and reached a reasonable conclusion that Dr. Warner's opinion was neither consistent with nor supported by the record. As such, a reasonable conclusion would follow that the ALJ found this opinion not persuasive. While the ALJ did not expressly articulate the persuasiveness of Dr. Warner's opinion, this was implied within the analysis. (R. 24); *see Diaz v. Comm'r*, 577 F.3d 500, 504 (3d Cir. 2009) (stating an ALJ "need not employ particular 'magic' words" in his or her decision); *see also Hollinger v. Kijakazi*, No. 4:20-CV-1133, 2022 WL 677283, at *17 (M.D. Pa. Mar. 7, 2022) (stating remand was not required when the ALJ provided enough explanation for the court to discern that certain factors were considered). Said differently, the ALJ's analysis provided enough explanation for the Court to discern that this opinion was found not persuasive. Had the ALJ found this opinion not supported but consistent with the record, or consistent but not supported, the situation might be different. But, in this case, where the ALJ clearly found the decision not supported and inconsistent with the record, it is just as clear that the ALJ found this decision not persuasive. Thus, remand is not required on this point.

The Court also finds that the ALJ adequately analyzed the opinion of Dr. Graham. As previously mentioned, the ALJ's most important considerations in determining the persuasiveness of medical opinions are consistency and supportability. Here, Dr. Graham opined that the Plaintiff's symptoms severely inhibited his ability to manage daily stressors that are necessary to be employed, that his difficulties with concentration slow his cognitive functioning and make him less efficient, and that his difficulties with mood and irritability severely inhibit his ability to engage with tasks and people, among other findings. (Ex. 6F/1). In analyzing this opinion, the ALJ found it generally unpersuasive as it was inconsistent and not supported by the record. (R. 24). Specifically, the ALJ stated,

> Dr. Graham's report implies she continues to treat the claimant, whereas the record shows she left her position prior to his alleged disability onset . . .

> [m]ore importantly, as previously discussed and referenced in this decision, available mental status evidence fails to show the degree of impairment severity she indicates she opines is present.

(*Id.*). This was a sufficient consistency and supportability analysis; it is clear the ALJ found this opinion not supported because Dr. Graham did not have articulated support for her own opinion as she did not treat the Plaintiff as long as she implied, and the ALJ found this opinion inconsistent with the evidence within the record as mental status evidence did not line up with the degree of severity that Dr. Graham indicated was apparent. Again, it makes no difference in this case that the ALJ did not state the precise words "inconsistent" or "not supported." *See Diaz*, 577 F.3d at 504. Accordingly, the ALJ's analysis of this opinion is supported by substantial evidence.

Additionally, the ALJ adequately considered Plaintiff's mental limitations and appropriately determined these were non-severe impairments at Step Two of the sequential process. Plaintiff argues the ALJ failed to properly consider Dr. Graham's opinion in making this determination, as Dr. Graham opined that Plaintiff suffered from moderate to severe chronic post traumatic stress disorder ("PTSD") in addition to episodes of moderate to severe depression. (Doc. No. 14 at 18, 22 (citing Ex. 6F/1)). The determination of severe and non-severe impairments at Step Two of the sequential process is a "*de minimis* screening device" used to weed out "groundless claims," and therefore, doubts should be resolved in a claimant's favor. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quotations and citations omitted). A non-severe impairment produces "only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work[.]" SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). Here, the ALJ determined that Plaintiff had the severe impairments of obesity, osteoarthritis of the left knee, and disorder of the spine. (R. 19). The ALJ analyzed Plaintiff's PTSD, singly and in combination with Plaintiff's depressive disorder, and determined that these were non-severe impairments because they failed to cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities. (*Id.*). The ALJ also analyzed the four broad functional areas known as the "paragraph B" criteria and concluded that Plaintiff suffered no limitation or only a mild limitation in each of these areas. (R. 19-20). In making these determinations, it's clear the ALJ did not ignore Dr. Graham's opinion, but rather analyzed it and even noted that Dr. Graham's report evidenced that Plaintiff was severely impaired. (R. 24). However, as discussed above, he ultimately found the opinion to be generally non-persuasive and determined that the evidence as a whole demonstrated far lesser mental limitations. These findings are supported by substantial evidence.

Upon careful review, the Court is satisfied that the ALJ's RFC determination reasonably accommodates all of the limitations supported by the medical and other evidence of record as outlined in the decision. The Court finds no error in the ALJ's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:		Counsel of record

---

analysis of Drs. Warner and Graham's opinions or in the ALJ's evaluation of Plaintiff's severe and non-severe impairments.

Further, to the extent that Plaintiff takes issue with the hypotheticals posed to the VE and the ALJ's reliance thereon, the Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant.  *See id.* at 554.  Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations."  *Id.*  As analyzed above, substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's responses.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.